IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:15-CR-00014-JCB-KNM |
| vs. | § § § § | |
| DANIEL CUMMINGS, III | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 30, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base, a Class C felony, Defendant Daniel Cummings, III, was sentenced on January 13, 2016, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. The Court sentenced Defendant to imprisonment for a term of 46 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing/treatment and mental health treatment. Defendant completed his term of imprisonment and started his term of supervised release on May 26, 2021.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on April 30, 2024, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Palestine Police Department on April 27, 2024, for the on-sight offenses of Manufacture Delivery of a Controlled Substance Penalty Group 1 >= 400 grams, Possession of a Controlled Substance Penalty Group 3 < 28 grams, Possession of Marijuana > 4 oz <= 5 lbs., Abandon Endanger Child Criminal Negligence, and Violation of a Bond/Protective Order.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted a urine specimens that tested positive for marijuana on or about July 31, 2023, January 3, 2024, and March 19, 2024. Lab results confirmed the positive specimens and Defendant admitted to marijuana use prior to each test. It is also alleged that Defendant submitted a urine specimen on April 5, 2024 that tested positive for marijuana, but Defendant denied new marijuana use. An interpretation report was requested from Abbott Labs to determine if the drug test was positive due to residual use. The lab determined that the specimen was positive due to new marijuana use after March 19, 2024.

3. **Allegation 3 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.** It is alleged that Defendant failed to attend a scheduled counseling appointment with his treatment provider, Sherry Young, on April 11, 2024. It is also alleged that Defendant was unsuccessfully discharged from substance abuse treatment on April 15, 2024.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Manufacture and Delivery of a Controlled Substance Penalty Group 1 as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 30 to 37 months, capped by the statutory maximum of 2 years.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of Marijuana or Abandon Endanger Child Criminal Negligence as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 18 to 24 months.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled Substance Penalty Group 3, Violation of a Bond/Protective Order, using and possessing marijuana, failing to attend scheduled counseling, or being unsuccessfully discharged from substance abuse treatment as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

### *Hearing*

On September 30, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana or, alternatively, FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. The term of imprisonment recommendation falls slightly below the applicable guideline recommendation but represents an appropriate disposition in consideration of all circumstances. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or, alternatively FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 30th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE